FINDINGS OF FACT, CONCLUSIONS OF LAW ORDER and OPPORTUNITY FOR JUDICIAL REVIEW
The above-entitled appeal was heard on May 8, 2007, in Great Falls, Montana, in accordance with an order of the State Tax Appeal Board of the State of Montana (Board). The notice of the hearing was given as required by law.
The Department of Revenue (DOR) was represented by Area Managers Jason Boggess and Joan Vining. The DOR presented evidence and testimony in support of the appeal. The taxpayer, Shannon Wadsworth (Taxpayer), presented evidence and testimony in opposition to the appeal. The Board allowed the record to remain open for a period of time for the purpose of receiving post-hearing submissions from both parties.
The appeal involves the classification and valuation of a single parcel of land located in Cascade County. The duty of this Board is to determine the appropriate classification and *Page 2 
market value for the land based on a preponderance of the evidence.
 FINDINGS OF FACT
1. Due, proper, and sufficient notice was given of this matter, of the hearing, and of the time and place of the hearing. All parties were afforded opportunity to present evidence, oral and documentary.
2. The subject property is a 15,000 square foot commercial lot with the following legal description:
 Lot 14B, Block 2 of the Fifteenth Addition, City of Great Falls, County of Cascade, State of Montana. Geocode #02-3015-13-1-01-11-0000. (Exhibit 1).
3. Only the land value is being appealed. The land value was set at $23,715 by a decision of the Cascade County Tax Appeal Board (CTAB). (Exhibit 7).
4. The subject property was purchased in 1953 by the Taxpayer's parents for a mobile home rental location. (Testimony Mr. Wadsworth).
5. Two mini storage buildings were erected in 1981 to supplement the income and to use the land efficiently. (Testimony Mr. Wadsworth).
6. The subject land is in an area of changing use located in sub-neighborhood 3.6 of Neighborhood 3 Cascade County. This area used to be a residential neighborhood and is now *Page 3 
shifting to increased commercial usage. (Testimony Mr. Boggess; Exhibit F).
7. The DOR used a CALP (Computer Assisted Land Pricing) model to establish the original value of $74,250 for the subject property. The CALP in this instance is based on 13 vacant land sales. The CALP sales and the subject property are all located in Neighborhoods 3.5 3.6, which are geographic areas designated by the DOR as having similar characteristics for purposes of valuation. Based on the CALP, the DOR set 24,000 square feet as the base size for a parcel in Neighborhoods 3.5 3.6. In addition, the DOR determined a base square foot value of $3.75 and the value of each residual square foot was $1.75, again based on the CALP. (DOR Post Hearing Submission).
8. On August 13, 2003, the Taxpayer filed a Request for Informal Review (AB-26) requesting a reduction in land value from $74,250 to $23,715. (DOR Post Hearing Submission).
9. After reviewing the property record card notes and the CALP values, the DOR determined that the subject property suffered from issues with accessibility. A new CALP analysis of four land sales provided an incremental value of $4.15 per square foot. On February 9, 2004, the *Page 4 
Department set the land value at $62,250. (DOR Post Hearing Exhibit).
10. The Taxpayer filed another AB-26 on June 5, 2006. The Taxpayer requested a reduction in the value of the land due to inconsistent land values in the area. (Exhibit 1).
11. On September 1, 2006, the DOR responded that an adjustment was not made because the Department feels the value is fair and equitable. (Exhibit 1).
12. The Taxpayer filed an appeal with the CTAB on September 25, 2006, requesting a land value of $23,715. (Exhibit 7).
13. On Nov 14, 2006, the CTAB approved the reduction in value, stating:
 After hearing testimony and reviewing exhibits, the taxpayer's request for reduction is granted. This appeal is approved. (Exhibit 7).
14. The DOR appealed the CTAB decision to this Board on November 27, 2006. (Appeal form).
15. The Taxpayer introduced evidence of valuation of 19 properties in the same block, claiming only three of these properties had higher values than the subject property. (Exhibit 9).
16. The Taxpayer submitted evidence that the property next to the subject property was the same size, also used as a rental, still classified as residential by the DOR and assessed at $23,715. (Exhibit 10). *Page 5 
17. The DOR representative in Cascade County responded that, in an effort to "supply better customer service", the DOR did not require all taxpayers wishing to ensure that their residential property remain residential to fill out an application as required in § 15-7-402 MCA. (Testimony Mr. Boggess).
 BOARD DISCUSSION
The matter before this Board is to determine the appropriate classification and market value of the subject land.
Sub-neighborhood 3.6 in Great Falls is an area of changing use. The legislature recognizes that the rapid commercial and industrial growth in many Montana cities and towns is changing certain neighborhoods. Valuation of property often increases with a change of use to commercial in these areas. To prevent taxation increases for taxpayers still living in their residences in those neighborhoods, the legislature has indicated that houses and lots in these areas of changing use may be appraised on their value as residential property. (§ 15-7-401 MCA).
To qualify for residential valuation in an area of changing use, the legislature imposed guidelines for qualification. Those qualifications are, in part, that any person wishing to ensure the person's residential land and improvements are appraised as residential may file a signed application with the department. *Page 6 
(§ 15-7-402 MCA). As Mr. Boggess testified, DOR is failing to enforce this statute for residential properties in Neighborhood 3.6. Although the DOR is failing to follow the directive of the legislature relating to residential properties in areas of changing use, this does not affect valuation and taxation of commercial properties. Commercial property is assessed by analyzing commercial valuation. See 15-6-134 (3), MCA.
There is no question that the subject property is commercial in its use. By the Taxpayer's own admission, the subject property is income producing and not owner occupied. In addition, the property has income producing mini-storage units on it. These cannot be considered residential. The property is commercial property and is appropriately valued as such.
The Taxpayer disagrees with the properties selected as comparables for the subject property. He believes that his property should be valued as residential along with other rental properties in Neighborhood 3.6.
We concur with Mr. Wadsworth's concern that the Department does not appear to be following the law for changing use neighborhoods. It does appear to this Board that there is a need for the Department to review its policies regarding mixed use neighborhoods and to adopt policies and practices that follow the directives of the legislature. This does not, however, demonstrate that the subject property has been *Page 7 
overvalued. On the contrary, the Department provided for an adjustment to the property value for access issues. While the Department claims that the adjustment for access issues is based on an analysis of comparable properties, no evidence presented to this Board demonstrates access issues on the four comparable properties. However, neither Mr. Wadsworth nor the Department challenged the adjustment made on the basis of the access issue, and we will not alter the valuation.
Although the evidence supports a value of $74,250 for the subject property, as originally indicated by the DOR's CALP model for this neighborhood, the Board is reluctant to increase any Taxpayer's assessed value above the final value set by the DOR. In this case, the final DOR value is $62,250. The evidence clearly establishes that this property is appropriately classified as commercial. Consequently, the Board accepts the final DOR valuation of the subject land and overturns the ruling of the Cascade CTAB. *Page 8 
 ORDER
IT IS THEREFORE ORDERED by the State Tax Appeal Board of the State of Montana that the subject land shall be deemed as commercial and entered on the tax rolls of Cascade County by the local Department of Revenue office at the value of $62,250. The decision of the Cascade County Tax Appeal Board is reversed.
 Dated this 19th day of July, 2007. *Page 9 
 CERTIFICATE OF SERVICE
The undersigned hereby certifies that on this 19th day of July, 2007, the foregoing Order of the Board was served on the parties hereto by depositing a copy thereof in the U.S. Mails, postage prepaid, addressed to the parties as follows:
Shannon Wadsworth 3303 Upper River Road Great Falls MT 59405
Office of Legal Affairs Department of Revenue Mitchell Building Helena, Montana 59620
Appraisal Office Cascade County 300 Central Avenue Suite 520 Great Falls, Montana 59401
DONNA EUBANK, Paralegal *Page 1